UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.T. REAL ESTATE INVESTMENTS,
    L.L.C.,

       Plaintiffs,                                        No. 23-10780

v.                                                          Honorable Nancy G. Edmunds

CHARTER TOWNSHIP OF HURON,

       Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [41] AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT**

      This action arises from a change made to the Huron Charter Township Zoning Ordinance eliminating land use for warehousing and distribution centers in a development zone near the Detroit Metro Airport. Plaintiff owns partially developed land in the area and claims a vested right to develop this property for warehousing and distribution despite the amended zoning. Additionally, since this change, Defendant Huron Charter Township approved two nonconforming use permits for warehouse development submitted by other corporations within the newly restricted zone. Plaintiff claims a denial of substantive due process, a denial of equal protection, violations of 42 U.S.C. §§ 1988 and 1983, and unlawful exclusionary zoning. Plaintiff also seeks declaratory relief.

      The Defendant Township filed a Motion for Judgment on the Pleadings. (ECF No. 23.) The matter was referred to the Magistrate Judge, who issued a Report and

1

Recommendation ("R&R"), recommending that Defendants' motion be granted in part and denied in part. (ECF No. 41.) The matter is presently before the Court on Defendants' objections. (ECF No. 43.) Plaintiffs have filed a response. (ECF No. 45.) In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* those portions of the R&R to which objections have been made. Based on this review, the Court ACCEPTS AND ADOPTS the Magistrate Judge's recommendation and OVERRULES the Township's objections.

**I.    Background**

In 2009, Huron Charter Township ("the Township" or "Defendant") and 8 other local governments entered an interlocal agreement creating the Aerotropolis Development Corporation ("the Corporation" or "the Aerotropolis") incorporating the area surrounding the Detroit Metropolitan Wayne County and Willow Run Airports. The Corporation was created under Michigan's Urban Cooperation Act of 1967 to consolidate advertising efforts to draw new business to the area and to streamline permitting to allow corporations to launch operations more quickly around the airports. The Aerotropolis includes property in the Pinnacle Development Area ("PDA"), a zoning district intended to promote a mixture of nonresidential uses. Relying on the goals of the Corporation, the existing PDA zoning, and on an approved site plan for logistics center development, Plaintiff purchased a parcel of approximately 42 acres within the Aerotropolis on July 12, 2015. Since then, Plaintiff committed resources to site preparation and worked closely with the Township and other Corporation authorities through the planning and development process. In 2020, the Township amended PDA zoning to prohibit warehousing, material distribution centers, and trucking and transit

terminals. Plaintiffs argue that they have a vested right to continue development for the nonconforming use of their land; the Township disagrees.

Plaintiff first filed claims regarding this controversy in state court in 2020 and again in 2022, eventually adding federal claims to the First Amended Complaint. (ECF No. 1-2.) The Township removed the case to this Court on April 5, 2023. (ECF No. 1.)

## II.     Legal Standards

### A.     Standard of Review

A party may object to a magistrate judge's R&R on dispositive motions, and the district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1)–(3). Additionally, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Rule 72, objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects" and "(B) state the basis for the objection." E.D. Mich. LR 72.1(d)(1). "Objections that restate arguments already presented to the magistrate judge are improper, as are those that are vague and dispute the general correctness of the magistrate judge's order." *Howard v. Mackrel*, No. 19-11794, 2022 WL 1978750, at *2 (E.D. Mich. June 6, 2022) (citations omitted).

### B.     Judgment on the Pleadings

A Rule 12(c) motion is assessed using the same standard that applies when reviewing a motion to dismiss under Rule 12(b)(6). *Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 386 (6th Cir. 2022). Thus, a Rule 12(c) motion may be granted only when the operative complaint does not contain "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

### III. Analysis

The Magistrate Judge recommends granting the Township's motion as to Plaintiff's claims in Counts I and IV, and denying the motion as to the claims in Counts II, III, and V.

#### A. Counts I and IV

The Court agrees with the Magistrate Judge's reasoning to grant a motion on the pleadings for the claims in Counts I and IV. Claims for declaratory relief and violations of Sections 1988 and 1983 cannot be brought as standalone causes of action. (*See* ECF Nos. 41, PageID.485; 23, PageID.244−245.) No party filed an objection to these recommendations. Accordingly, the Court ADOPTS the recommendation, GRANTS the Township's motion on these counts, and DISMISSES these claims.

#### B. Counts II, III, and V

The Court agrees with the Magistrate Judge that there are material issues of fact regarding Plaintiff's claimed violations of substantive due process, equal protection, and the claim of unlawful exclusionary zoning. Therefore, the Court ADOPTS the

4

recommendation, OVERRULES the Township's objections numbered 1-8, and DENIES the motion for a judgment on the pleadings regarding these claims.

### C. Amending the Complaint

Again, the Court agrees with the Magistrate Judge's recommendation. In light of the potentially significant details provided at the November 3, 2023 hearing on the Township's motion for judgment on the pleadings, the Court ADOPTS the recommendation, OVERRULES the Township's objection number 9, and GRANTS Plaintiff leave to file a Seconded Amended Complaint.

**Conclusion**

Upon review of the record in this case, the Court OVERRULES the Township's objections and ADOPTS the R&R in its entirety. Accordingly, the Court:

1. GRANTS Defendant's motion for judgment on the pleadings as it relates to Plaintiff's claims in Counts I and IV of the First Amended Complaint and DISMISSES those claims.

2. DENIES the motion for judgment on the pleadings as it relates to Counts II, III and V.

3. GRANTS Plaintiff 30 days' leave to file a Seconded Amended Complaint.

SO ORDERED.

                                          s/ Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: March 13, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2024, by electronic and/or ordinary mail.

                    s/ Lisa Bartlett
                    Case Manager